HCDistrictclerk.com DE HOYOS, JUAN JOSE vs. PASCHALL TRUCK LINES INC  10/16/2020

Cause: 202059948   CDI: 7   Court: 334

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 9/24/2020 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Motor Vehicle Accident |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | N/A |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 334th |
| **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686500 |
| **JudgeName** | STEVEN KIRKLAND |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DE HOYOS, JUAN JOSE | PLAINTIFF - CIVIL | | PIZANA, RAFAEL III |
| PASCHALL TRUCK LINES INC | DEFENDANT - CIVIL | | |
| MCRAE, DARIUS JAMEL RAKEEM | DEFENDANT - CIVIL | | |
| PASCHALL TRUCK LINES INC (A CORPORATION) MAY BE SERVED THROUGH ITS | REGISTERED AGENT | | |

Exhibit A

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/24/2020 | ORIGINAL PETITION | | | 0 | | PIZANA, RAFAEL III | DE HOYOS, JUAN JOSE |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | MCRAE, DARIUS JAMEL RAKEEM | 9/24/2020 | 9/30/2020 | | | | 73792698 | CANCELLED BY ATTORNEY |
| | | | 801 E DR MARTIN LUTHER KING, MAXTON NC 28364 | | | | | | | |
| CITATION CORPORATE | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | PASCHALL TRUCK LINES INC (A CORPORATION) MAY BE SERVED THROUGH ITS | 9/24/2020 | 9/30/2020 | | | | 73792699 | E-MAIL |
| | | | 6850 AUSTIN CENTER BLVD SUITE 180 AUSTIN TX 78731 | | | | | | | |
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | MCRAE, DARIUS JAMEL RAKEEM | 9/24/2020 | 9/30/2020 | | | | 73794293 | E-MAIL |
| | | | 801 E DR MARTIN LUTHER KING, MAXTON NC 28364 | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 92324006 | PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES | | 09/24/2020 | 6 |

**Exhibit A**

9/24/2020 9:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46560839
By: Maria Rodriguez
Filed: 9/24/2020 9:46 PM

2020-59948 / Court: 334

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN JOSE DE HOYOS | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| PASCHALL TRUCK LINES, INC. AND DARIUS JAMEL RAKEEM MCRAE | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Plaintiffs, JUAN JOSE DE HOYOS, Individually (individually referred to by name or "Plaintiff") files this original petition complaining of PASCHALL TRUCK LINES, INC. ("Paschall") and DARIUS JAMEL RAKEEM MCRAE ("MCRAE"), and for cause of action would respectfully show as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiffs intend to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. REQUESTS UNDER RULE 190.2(b)(6) AND 194.2

2.1    Defendants are requested to disclose all documents, electronic information and tangible items in its possession, custody or control that Defendants may use to supports its claims or defenses pursuant to Rule 190.2(b)(6) within fifty (50) days of the service of this request.

2.2    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

### III. PARTIES

3.1    Plaintiff is a resident of Hidalgo County, Texas.

Exhibt A

3.2     Defendant, Paschall Truck Lines, Inc., is a corporation doing business in Texas and may be served with process through its registered agent for service: Hammerman & Gainer, 6850 Austin Center Blvd., Suite 180, Austin, Texas 78731, or wherever it may be found.

3.3     Defendant, DARIUS JAMEL RAKEEM MCRAE, an individual, was Defendant Paschall's employee and driver when this incident occurred. He may be served at his residence at 801 E. Dr. Martin Luther King, Maxton, NC 28364.

## IV. JURISDICTION

4.1     Damages sought are within the jurisdictional limit of this Court. Plaintiffs seek monetary relief of over $200,000 but less than $1,000,000.

## V. VENUE

5.1     Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions made the basis of this suit occurred in Harris County.

## VI. SPOLIATION

6.1     Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from; including debris, statements, photographs, videotapes, audiotapes, recording, surveillance or security tapes or information, business or medical records, incident reports, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.

6.2     Failure to maintain such items will constitute "spoliation" of the evidence.

## VII. FACTS

7.1  On or about September 25, 2018, Defendant and employee of Paschall Truck Lines Inc., DARIUS JAMEL RAKEEM MCRAE, had been asleep in the cab of his rig. His rig was parked in an area for rigs but was parked incorrectly, he was awakened and was asked to move. Still groggy DARIUS JAMEL RAKEEM MCRAE failed to keep a proper look out and then suddenly and without warning backed up repeatedly into Plaintiff's rig knocking our client from his bunk and sending him tumbling down, Plaintiff was also asleep at the time. The driver failed to make a wide left turn around Plaintiff who was parked in a parking space. DARIUS JAMEL RAKEEM MCRAE rammed the side of his trailer into Plaintiff's front passenger side and kept ramming into it trying to get away but he was stuck. The repeated ramming tossed Plaintiff around inside the cab with him ultimately landing on the floor. DARIUS JAMEL RAKEEM MCRAE said he was asleep when security woke him up and asked him to move. When Plaintiff asked DARIUS JAMEL RAKEEM MCRAE if he had felt the impact DARIUS JAMEL RAKEEM MCRAE replied that he had not. DARIUS JAMEL RAKEEM MCRAE driver further admitted that he had only been driving for 6 months. When asked why he was being allowed to drive by himself after only six months DARIUS JAMEL RAKEEM MCRAE replied something along the lines that Paschall Truck Lines Inc. likes to give people chances.

7.2  Plaintiff, as a result of the impact with the tractor-trailer suffered multiple personal injuries and eventually required surgery. He was also unable to work for close to one year.

### VIII. NEGLIGENCE OF DARIUS JAMEL RAKEM MCRAE

8.1  At the time and on the occasion in question, Defendant, DARIUS JAMEL RAKEEM MCRAE, while operating the tractor-trailer owned by Paschall, failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    A.    Reversing when unsafe;

    B.    Moving the tractor-trailer when it was unsafe to do so;

Exhibt A

    C.    Failing to yield the right-of-way to superior traffic;

    D.    Failing to keep proper lookout;

    E.    Failing to make a timely application of the brakes;

    F.    Failing to take evasive action to avoid the collision; and

    G.    In failing to exercise the ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

    H.    Operating an 18-Wheeler while sleepy.

8.2    Each of the foregoing negligent acts and omissions, singularly or collectively, constituted negligence which proximately caused the occurrence made the basis of this cause of action and the resulting injuries and damages suffered by Plaintiffs.

## IX. NEGLIGENCE PER SE OF JASPER T. MOORE

9.1    Pleading further, DARIUS JAMEL RAKEEM MCRAE's actions were negligent per se. Specifically, Plaintiffs would show as follows:

    A.  Defendant DARIUS JAMEL RAKEEM MCRAE unsafely reversed the 18-wheeler in direct violation of V.T.C.A. Transportation Code §§ 545.402.

9.2    The above acts or omission, singularly or collectively, constituted negligence as a matter of law and proximately caused Plaintiffs' injuries and damages.

## X. NEGLIGENCE OF PASCHALL TRUCK LINES, INC.

10.1    At all times relevant to this matter, Defendant, DARIUS JAMEL RAKEEM MCRAE, was in the course and scope of his employment with Defendant Paschall Truck Lines, Inc. As such Defendant, Paschall, is responsible for the acts of its driver under the legal theory of *Respondeat Superior*.

10.2    Defendant, Paschall, is independently negligent by various acts of omission and/or commission, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

ORIGINAL PETITION AND REQUEST FOR DISCLOSURE    4

Exhibt A

A. Failing to properly screen, test and qualify drivers, specifically including Defendant DARIUS JAMEL RAKEEM MCRAE, so as to provide for safe operation of tractor-trailers such as the one involved in the occurrence in question;

B. Hiring, employing, and/or retaining drivers, specifically including Defendant DARIUS JAMEL RAKEEM MCRAE, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of tractor-trailers such as the one involved in the occasion in question;

C. Failing to properly train and supervise its drivers, specifically including Defendant DARIUS JAMEL RAKEEM MCRAE, so as to provide for safe operation of tractor-trailers such as the one involved in the occurrence in question; and

D. Failing to properly implement and enforce policies, procedures and protocols to properly screen, test, train, qualify, supervise and retain drivers to operate tractor-trailers such as the one involved in the occurrence in question.

E. Allowing Defendant DARIUS JAMEL RAKEEM MCRAE to drive by himself after he had only been driving 18-Wheelers for 6 Months.

10.3 Such acts on the part of the Defendant, Paschall, singularly and/or in combination amount to negligence which was a proximate cause of the Plaintiffs' damages.

## XI. DAMAGES

11.1 As a necessary and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiffs sustained the following damages for which they are entitled to recover:

1. Reasonable and necessary medical expenses in the past and future;

2. Physical pain in the past and future;

3. Mental anguish in the past and future;

4. Physical impairment in the past and future; and

5. Loss of earning capacity in the past.

## XII. INTEREST

12.1 In addition to the above mentioned and foregoing allegations, Plaintiffs further pleads that they are entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII. PRAYER

ORIGINAL PETITION AND REQUEST FOR DISCLOSURE 5

Exhibt A

13.1 Plaintiffs pray that Defendants be cited to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiffs recover damages from Defendants in accordance with the evidence, and as the jury deem them deserving, that Plaintiffs recover costs of court herein expended; that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, both pre-judgment and post-judgment, and for such other further relief, both general and special, both in law and in equity, to which your Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ Rafael Pizana, III
Rafael Pizana, III TSB #: 24060430
The Law Offices of Pizana and Neidzweidz, PLLC 6222 De Zavala Road, Suite 101
San Antonio, Texas 78249
Ph. (210) 867-3436
Fax (210) 855-4417
Email: Rafael.Pizana@rp3law.com

**ATTORNEY FOR PLAINTIFF**